In the Matter of DUANE H. BERRY et al., Petitioners, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, November 22, 1948.

*Tanz & Jaffe* for petitioners.

*Carb, Reichman & Lauria* for Beth Israel Hospital Association, landlord.

*Nathan W. Math* for respondents.

McGEEHAN, J. In arriving at a disposition of this application it must be borne in mind that we are dealing with administrative law and that under well-established precedents this court cannot substitute its judgment for that of the Temporary City Housing Rent Commission and can only act if the commission acted beyond its powers or in a manner that was unreasonable, arbitrary or capricious. Certainly the finding by the commission that the Beth Israel Hospital Association is a charitable corporation is conceded. The application for a certificate of eviction states '' The hospital at the present time has an immediate and compelling necessity for housing facilities for its nurses and has purchased the buildings at premises 337–339 East 16th Street New York, N. Y., in March 1948 for that specific purpose.''

By making this application for a certificate of eviction the landlord, in effect, dropped its contention that its application was being made in its capacity as a religious or charitable institution for the purpose of making alterations and improvements which shall be used exclusively for religious, educational or charitable purposes or for two or more such purposes and proceeded under the provisions of the law involved. Said law provides that '' The Commission may issue a Certificate of Eviction for the eviction or exclusion of a tenant from an apartment *only* if one of the following grounds exists and all of the conditions and requirements relating to such ground prescribed by the Commission are met: * * * (b) (1) The landlord or purchaser seeks, in good faith, to recover possession of such apartment for *his own immediate* and *personal use and occupancy* for dwelling purposes. Use or occupancy by a child, relative or *other person* shall not be deemed to constitute personal use and occupancy by the landlord or purchaser.'' (Commission Regulation II, art. II, § 5.)

The certificate of eviction clearly stated that the grounds for eviction were specifically that '' The applicant because of compelling necessity seeks in good faith, to recover possession of such apartment for his own immediate and personal use and occupancy as dwelling accommodations.''

Now the question arises as to whether the landlord is seeking to occupy the premises for his own immediate and personal use. The law specifically rejects an inference that occupancy by a

child, relative or other person shall be sufficient. Now what is the status of nurses insofar as the landlord is concerned? That they are an indispensable part of the hospital is beyond question. But so are the doctors, the ambulance drivers, the orderlies and even the cooks. But none of these persons regardless of their importance can be said to be the Beth Israel Hospital Association itself for the purpose of evicting tenants to obtain personal and private living quarters either through an application made directly by them or through an application made by the hospital on their behalf. A reasonable interpretation makes them attaches of the hospital. As such attaches they may have a status as employees or in the case of doctors and nurses as separate and distinct professional entities separate and apart from the hospital they serve. In neither capacity do they become the landlord and acquire paramount rights over the tenants in possession, particularly in view of the express language that occupancy by a child, or relative or other person shall not be deemed personal use and occupancy by the landlord.

While this court feels as generously disposed to nurses as the gentlemen of the rent commission, nevertheless this court cannot allow either its own generosity or that of the commission to overlook fundamental principles of simple justice. If a law is enacted to protect tenants, who are unable to find other suitable homes because of prevailing conditions and who stand in immediate danger of becoming displaced persons right in our own New York City, it is not the province of any administrative board or justice of this court to find loopholes in order to thwart the very purpose of such law even if the motives are the most altruistic.

It is well established that nurses are separate and distinct entities from the hospital they serve professionally. (See *Schloendorff* v. *Society of New York Hospital,* 211 N. Y. 125.) At times they may perform administrative acts that might make them employees of the hospital but such status gives them no additional rights to the detriment of the tenants in possession. Since nurses, like doctors, are separate entities from the hospital, occupancy by them is not, therefore, *ipso facto* occupancy by the hospital.

The late Mr. Justice Cardozo recognized the difference in the entity of the hospital and the attending nurses and doctors which was clearly enunciated in the case above cited. Therefore, to find that occupancy by the nurses is occupancy by the hospital is to ignore well-recognized principles in order to accomplish a purpose that might be commendable but which is illegal and

improper under the prevailing conditions. The law specifically provides that use or occupancy by a child, relative or *other person* shall not be deemed to constitute personal use and occupancy by the landlord and the late Mr. Justice CARDOZO clearly enunciated the principle that nurses are separate and distinct from the hospital even though at times they may act in the capacity of employees for which the hospital may be liable in damages. Therefore, the court arrives at the conclusion that occupancy was granted not for the immediate and personal use and occupancy of the owner but for another person or persons and accordingly vacates, annuls and cancels the certificate of eviction. Settle order.